UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.E.E., a minor, and W.J.E., a minor, by and through their parent and next friend WILLIAM JEFFRIES EILERT,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE E. MILES, Individually, and as as Trustee of the Helen Cecilie Eilert Revocable Living Trust dated December 15, 1993, as amended,<br><br>Defendant. | Case No. _____ |

**COMPLAINT**

Plaintiffs M.E.E., a minor, by and through her father and next friend William Jeffries Eilert, and W.J.E., a minor, by and through his father and next friend William Jeffries Eilert (collectively, "Plaintiffs"), by their undersigned counsel, bring this Complaint seeking removal of trustee, declaratory judgment, accounting and equitable relief as follows:

**INTRODUCTION**

This is a civil action brought by Plaintiffs as beneficiaries of the Helen Cecilie[1] Eilert Revocable Living Trust dated December 15, 1993, as amended (the "Trust"). A copy of the Trust is attached hereto and marked as **Exhibit A**. Plaintiffs seek the removal of Defendant Christine E. Miles as Successor Trustee of the Trust and a declaration prohibiting Defendant from selling or

---

[1] Cecilie is the German spelling of Cecile.

otherwise disposing of a near century year old family farm – and the main corpus of the Trust – which Defendant plans to sell over Plaintiffs' objection on **October 18, 2023.**

## PARTIES

1.  Plaintiff MEE is a minor and resident of the State of Missouri, a qualified beneficiary under the Trust, and granddaughter of Helen Cecilie Eilert. Marley was born in 2008. She brings this action through her biological father, legal guardian and next friend, William Jeffries Eilert.

2.  Plaintiff WJE is a minor and resident of the State of Missouri, a qualified beneficiary under the Trust, and grandson of Helen Cecilie Eilert. He was born in 2014. He brings this action through his biological father, legal guardian and next friend, William Jeffries Eilert.

3.  Plaintiffs MEE and WJE are hereinafter collectively referred to as the "Grandchildren" or "Beneficiaries".

4.  Defendant Christine E. Miles ("Trustee or "Defendant") is an individual and resident of the State of Texas, is the successor trustee of the Helen Cecilie Eilert Revocable Living Trust dated December 15, 1993, as amended (the "Trust"), and administers the Trust from Galveston, Texas.

## JURISDICTION AND VENUE

5.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Plaintiffs are located in this District, and the events giving rise to the claims in this action occurred in substantial part in this District.

7. Pursuant to Section 456-107(2), Mo. Rev. Stat. and the Trust instrument, Missouri law governs the administration of the Trust.

## ALLEGATIONS COMMON TO ALL COUNTS

8. The Eilbrunn Farm (the "Property") is an extraordinary 600 plus acre parcel of real estate located in the Ozarks near Steelville, Crawford County, Missouri, and includes over 300 acres of open ground, lush cattle fields, timber, flowing springs, a large Spanish style mansion, three other homes, barns, numerous outbuildings, beautiful landscaping and abundant wildlife.

9. The Property initially came into Eilert family ownership in the 1940s when the Welsh family, cousins of the Eilerts, purchased the Property. The Property later became commonly known in local area as the Welsh Baby Carriage Mansion or Glenn Ellen.

10. In or around 1970, William G. Eilert, father of Helen Cecilie Eilert ("Grantor"), and great-grandfather of the Beneficiaries, purchased the Property. At some point thereafter, he changed the name of the Property to Eilbrunn Farm for Eilert and brunn, which meant well, spring, fountains of water in German.

11. In or around 1975, William G. Eilert gifted 40% of the Property to Grantor.

12. In 1977, William G. Eilert passed away, and Grantor purchased the remainder of the Property from her father's estate. From 1977 through her death in 2020, Grantor was the sole owner of the Property.

13. Grantor, who was never married, lived on the Property with her only child, William Jeffries Eilert ("William"), and raised him there while managing the Property as a working farm.

14. Grantor took an active role on the farm and the local farming community, purchasing and raising cattle, managing farming contracts, and even became a member of the Missouri Farm Bureau Beef Advisory Committee.

15. Family legacy was of central importance to Grantor, who turned down multiple offers to sell the Property during her lifetime, and included her granddaughter MEE in one of her final purchases of cattle for the Property.

16. William, who lived and worked at the Property for over thirty years, first as a child with Grantor in the mansion, and then later at one of the other homes on the Property, was also married at the Property, and raised his own family – including Beneficiaries MEE and WJE – at the Property until moving to a neighboring farm in or around 2017.

17. Grantor, alone and with the assistance of William, operated the Property as a working farm for over fifty years.

18. On or about December 15, 1993, Grantor established the Helen Cecilie Eilert Revocable Living Trust, which was later amended and restated on March 15, 2007 and April 20, 2017. A copy of the Trust, as amended, is attached hereto and incorporated by reference as **Exhibit A.**

19. The Property at issue comprises the majority of the Trust estate.

20. On or about April 20, 2017, Grantor executed the Second Amendment to and Restatement of the Helen Cecile Eilert Revocable Living Trust, which provides that her grandchildren, M.E.E. and W.J.E., are the sole beneficiaries under the Trust. **Exhibit A.**

21. Under the terms of the Trust, Grantor served as Trustee and in the event of her death, resignation or inability to serve as Trustee, Barbara Ann Young ("Ms. Young") was appointed as Successor Trustee. **Exhibit A**.

22. Under the terms of the Trust, in the event of Ms. Young's death, resignation or inability to serve as Trustee, Defendant Christine E. Miles was appointed as the Second Successor Trustee. **Exhibit A**.

23. Grantor died a resident of Crawford County, Missouri, on July 22, 2020.

24. Pursuant to the terms of the Trust, Ms. Young became Successor Trustee upon Grantor's death.

25. In or about July 2021, Ms. Young resigned as Successor Trustee.

26. Upon Ms. Young's resignation, Defendant became Second Successor Trustee of the Trust.

27. In 2022, a third grandchild, A.A.E., was born.

28. As Trustee of the Trust, Defendant owes a fiduciary duty to Plaintiffs as the beneficiaries of the Trust, including the duty of loyalty, the duty of care, and the duty to administer the Trust pursuant to the intent of the Grantor.

29. Further, Article VI, Section B of the Trust mandates that Defendant exercise her duties "in a fiduciary capacity, prudently and exclusively in the interest of the beneficiaries." **Exhibit A**.

30. In addition, Defendant, as Trustee, to the extent applicable under the terms of the Trust and Missouri law, owes specifically listed fiduciary duties under the Uniform Trust Code, which has been adopted in Missouri under RSMo. §456.001, et seq., including, but not limited to:

   a. The duty to administer the Trust in good faith, in accordance with the Trust's terms and purposes and the interests of Plaintiffs, the beneficiaries. RSMo. § 456.8-801.

   b. The duty of loyalty to administer the Trust solely in the interests of Plaintiffs, the beneficiaries. RSMo. § 456.8-802.

   c. The duty of impartiality imposed under RSMo. §456.8-803.

    d.  The duty to administer the Trust as a prudent person would, by considering the purposes, terms, distributional requirements, and other circumstances of the Trust, exercising reasonable case, skill and caution in doing so.  RSMo. §456.8-804.

    e.  The duty to control and protect the Trust property. RSMo. §456.8-809.

    f.  The duty to keep adequate records of the administration of the Trusts. RSMo. §456.8-810.

    g.  The duty to keep Plaintiffs reasonably informed about the administration of the trust and of the material facts necessary for Plaintiffs to protect their interests. RSMo. § 456.8-813.1(1).

    h.  The duty to promptly respond to Plaintiffs' requests for information related to the administration of the Trust.  RSMo. § 456.8-813.1(2).

    i.  The duty to send to Plaintiffs, at least annually, a report of the Trust property, liabilities, receipts, and disbursements, and a listing of the Trust assets and, if feasible, their respective market values.  RSMo. § 456.8-813.3.

31.    Nevertheless, despite her duties to place the interest of the Trust and the Trust's beneficiaries above all else and protect the Trust and the Trust's beneficiaries, the Defendant has failed to administer the Trust in good faith, and has repeatedly taken actions which are adverse to the Trust, the Trust estate, and the Plaintiffs as beneficiaries.

32.    As set forth in further detail above, Grantor, and the Eilert family, operated the Property as a working farm for the over fifty years, a practice which continued even after Grantor's death.

33. However, shortly after Defendant took over as Trustee of the Trust, Defendant directed that all cattle be removed from the Property and the ceased farming operations at the Property.

34. This action was taken unilaterally by Defendant, despite having no experience with the Property or its farming operations, and in complete disregard for the Grantor's wishes that the Property continue as a working farm.

35. Further, upon information and belief, Defendant has made excessive unnecessary expenditures from the Trust for management of the Property and renovations to the Property which have not improved the value of the Trust assets.

36. Specifically, Defendant hired an individual from Texas to live at the Property and manage the land despite William's offer to lease the land at an above-market rate and maintain the homes, fencing and brush hogging for the Property. Defendant barred William from the Property and expended Trust assets to pay this individual for work William offered to perform for free.

37. In addition, Defendant has used Trust assets to make improvements to the homes and buildings on the Property which have not increased the value of the Property.

38. Defendant has taken these actions unilaterally, has failed to communicate with the Plaintiffs regarding these decisions which impact their interests in the Property, and has failed to keep Plaintiffs reasonably informed about the administration of the Trust and of the material facts necessary for Plaintiffs to protect their interests in same.

39. Further, Defendant has failed to provide the Plaintiffs with accountings and reports regarding the Trust assets.

40. As such, the Plaintiffs are unaware of other spending from which may have been made by the Defendant from the Trust Assets.

41. The Plaintiffs have never received a distribution from the Trust despite being the only beneficiaries and a HEMS standard being in place.

42. Finally, and most egregiously, in late September 2023, Defendant entered into a contract to sell the Property, without Plaintiffs' knowledge or consent, with the sale set to close on **Wednesday, October 18, 2023** (the "Sale"). A copy of the Sales Contract which was provided to Plaintiffs is attached hereto as **Exhibit B[2].**

43. The Sale of the Property is contrary to the intent of the Grantor, against the wishes of the Plaintiffs as beneficiaries, and is in direct contravention of the Defendant's obligations to the Plaintiffs under both Missouri law and the express terms of the Trust which mandate that Defendant exercise her duties "in a fiduciary capacity, prudently and exclusively in the interest of the beneficiaries." **Exhibit A**.

44. Plaintiffs, through William and through counsel, have objected to the Sale, and demanded that Defendant cancel and/or delay the Sale, but Defendant has failed and refused to consider the wishes of the Plaintiffs as beneficiaries and intends to proceed with the Sale, which would strip Plaintiffs of their interest in the Property which has been a part of their family for nearly one hundred years.

45. Plaintiffs are qualified beneficiaries of the Trust and pursuant to Section 456.7-706, Mo. Rev. Stat., may request the Court to remove and replace Defendant from her role as Trustee regardless of fault.

---

[2] Notably, the Trustee has redacted the identity of the purchaser of the Property from the Sales Contract and has concealed its identity from Plaintiffs. The Sales Contract also includes a realtor who is serving in a dual capacity for the transaction at issue.

**COUNT I**
**REMOVAL OF TRUSTEE REGARDLESS OF FAULT**

46. Plaintiffs restate and reallege the allegations of Paragraphs 1 through 45 above as if fully set forth herein.

47. Section 456.7-706(2), Mo. Rev. Stat. provides, in pertinent part, that a court may remove a Trustee if "removal is requested by all of the qualified beneficiaries and…the party seeking removal establishes to the court that: (a) removal of the trustee best serves the interests of all of the beneficiaries; (b) removal of the trustee is not inconsistent with a material purpose of the trust; and (c) a suitable cotrustee or successor trustee is available and willing to serve."

48. Plaintiffs comprise all of the qualified Beneficiaries of the Trust.

49. Removal of Defendant as Trustee serves the interest of the Beneficiaries for the reasons that Defendant is not a suitable fiduciary and her past actions indicate that her continued trusteeship places the Trust and its assets at risk.

50. The designation of Defendant as a Successor Trustee was not a material purpose of the Trust.

51. Plaintiffs state that William Jeffries Eilert is available and willing to serve as successor trustee of the Trust.

WHEREFORE, Plaintiffs pray this Court for an order and judgment removing Defendant Christine E. Miles as successor Trustee of the Helen Cecilie Eilert Revocable Living Trust dated December 15, 1993, as amended; appointing William Jeffries Eilert as successor trustee of the Trust; for Plaintiffs' attorney's fees and costs incurred herein pursuant to Section 456.10-1004, Mo. Rev. Stat.; and for such other and further relief as this Court deems just and proper.

## COUNT II
## REMOVAL OF TRUSTEE FOR LACK OF FITNESS

52. Plaintiffs restate and reallege the allegations of Paragraphs 1 through 45 above as if fully set forth herein.

53. Section 456.7-706(3), Mo. Rev. Stat. provides for removal of a Trustee if, "because of fitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries."

54. The Defendant's conduct as described herein demonstrates that the Defendant is unfit to serve and has persistently failed to effectively administer the Trust, thereby warranting her removal as Trustee.

55. Removal of Defendant as Trustee is in the best interests of the Beneficiaries because Defendant has proven that she is not capable of administering and/or will not properly administer the Trust.

56. Removal of Defendant as Trustee is in the best interests of the Beneficiaries because Defendant is unnecessarily expending and wasting Trust assets such that a new trustee is needed to maintain proper administration at an appropriate level of expense.

57. In addition to Plaintiffs' right to seek the court to remove the Trustee under the Missouri Trust Code, Article V, Section 7 of the Trust provides that a majority of the Beneficiaries (with the legal or natural guardian(s) acting for any such beneficiary who is then Disabled) may appoint a successor Trustee.

58. Plaintiffs state that William Jeffries Eilert is available and willing to serve as successor trustee of the Trust.

WHEREFORE, Plaintiffs pray this Court for an order and judgment removing Defendant Christine E. Miles as successor Trustee of the Helen Cecilie Eilert Revocable Living Trust dated

10

December 15, 1993, as amended; appointing William Jeffries Eilert as successor trustee of the Trust; for Plaintiffs' attorney's fees and costs incurred herein pursuant to Section 456.10-1004, Mo. Rev. Stat.; and for such other and further relief as this Court deems just and proper.

## COUNT III
## DECLARATORY JUDGMENT

59. Plaintiffs restate and reallege the allegations of Paragraphs 1 through 45 above as if fully set forth herein.

60. There is a real and present justiciable controversy regarding the rights and obligations of the parties under the terms of the Trust and the Sales Contract, including, but not limited to:

   a. Whether Defendant's effort to sell the Property through the Sales Contract is lawful, valid, and in the best interests of the Plaintiffs as beneficiaries;

   b. Whether the Sales Contract is valid and enforceable;

   c. Plaintiffs' rights to reports, documentation and an accounting of the assets and administration of the Trust;

   d. The Trustee's obligations to report and account to Plaintiffs;

   e. Whether assets of the Trust estate have been misappropriated, converted, misspent, or wrongfully transferred in violation of the Trust and interests of the beneficiaries;

   f. Whether the application of the No Contest Clause contained in the Trust is triggered by Plaintiffs' initiation and pursuit of this lawsuit and the claims asserted herein; and

   g. Whether the Defendant has committed a breach of trust serious enough to warrant her removal as Trustee.

WHEREFORE, Plaintiffs pray this Court for an order and judgment declaring:

11

(1) Whether Defendant's effort to sell the Property through the Sales Contract is lawful, valid, and in the best interests of the Plaintiffs as beneficiaries;

(2) Whether the Sales Contract is valid and enforceable;

(3) Plaintiffs' rights to reports, documentation and an accounting of the assets and administration of the Trust;

(4) The Trustee's obligations to report and account to Plaintiffs;

(5) Whether assets of the Trust estate have been misappropriated, converted, misspent, or wrongfully transferred in violation of the Trust and interests of the beneficiaries;

(6) Whether the application of the No Contest Clause contained in the Trust is triggered by Plaintiffs' initiation and pursuit of this lawsuit and the claims asserted herein;

(7) Whether the Defendant has committed a breach of trust serious enough to warrant her removal as Trustee, and/or whether Plaintiffs are entitled to remove and replace the Trustee for no cause, or under the terms of the Trust;

(8) Whether the Trustee should be surcharged for any losses she has caused to the Trust and/or Plaintiffs;

(9) Whether Plaintiffs are entitled to an award of their attorney's fees and expenses and, if so, in what amount; and

(10) Such other and further relief as this Court deems just and proper.

## COUNT IV
## EQUITABLE ACCOUNTING

61.     Plaintiffs restate and reallege the allegations of Paragraphs 1 through 45 above as if fully set forth herein.

62. As a result of her position as Trustee, Defendant owed fiduciary duties to Plaintiffs.

63. Defendant has access to all records related to the Trust.

64. Defendant has refused to provide documentation to Plaintiffs regarding the Trust's transactions, despite their status as beneficiaries of the Trust.

65. The only mechanism available to Plaintiffs to inspect the recorded transactions relating to the Trust's funds and other accounts for which Defendant is responsible is through discovery.

66. Upon information and belief, Defendant has used the Trust assets and accounts inappropriately, which necessitates a third-party accounting.

WHEREFORE, Plaintiffs pray this Court for an order requiring Defendant to provide a complete accounting as to all monies and properties related to the Helen Cecilie Eilert Revocable Living Trust dated December 15, 1993, as amended; requiring Defendant to pay for Plaintiffs' attorney's fees and costs incurred herein; and for such other and further relief as this Court deems just and proper.

## COUNT V
## PETITION FOR INTERLOCUTORY DETERMINATION
## PURSUANT TO RSMO. §456.4-420

67. Plaintiffs restate and reallege the allegations of Paragraphs 1 through 45 above as if fully set forth herein.

68. Pursuant to RSMo. §456.4-420.1, if a trust instrument containing a no-contest clause or has become irrevocable, an interested person may file a petition to the court for an interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause or would otherwise trigger a forfeiture that is enforceable under applicable law and public policy.

69. In this instance, the Trust, Article VIII, Section I, provides:

**No Contest Provision**

If any person who has been given an interest in a trust estate under this Trust Agreement institutes or joins in (except as a party defendant) any proceeding to contest the validity of this Trust Agreement or any of its provisions, all benefits provided for that person shall be revoked and those benefits shall pass as though the person did not survive the Grantor. This provision shall apply regardless of whether the proceedings are instituted in good faith or with probable cause.

**Exhibit A**.

70. Plaintiffs' petition and the claims asserted herein generally seek removal of the Trustee of the Trust for failure to properly administer the Trust and breach of her fiduciary duties, equitable accounting, and a declaratory judgment regarding the rights and obligations of the Plaintiffs under the Trust.

71. Plaintiffs' petition and the claims asserted herein are brought solely to protect the interests of Plaintiffs as beneficiaries of the Trust and to ensure that the Trust is being faithfully administered according to its terms and the intent of the Grantor.

72. Plaintiffs do not oppose the administration of the Trust in accordance with its terms. To the contrary, Plaintiffs simply seek to ensure the Trust is properly administered according to its terms.

73. Plaintiffs are not seeking to impeach, impair, set aside or invalidate any provision of the Trust.

74. Pursuant to RSMo. 456.4-420.7, a no-contest clause is not enforceable against an interested person in "filing a motion, petition, or other claim for relief concerning an accounting, report, or notice that has or should have been made by a trustee, provided the interested person otherwise has standing to do so under applicable law…"

75. There is a present justiciable controversy that is ripe for determination as to the

following matters:

> (a) Whether Plaintiffs' Petition and the claims asserted herein seek to oppose the administration of this Trust Agreement in accordance with its terms, or constitute an action or proceeding to impeach, impair, set aside or invalidate any of the provisions of the Trust;
> (b) Whether Plaintiffs' filing and pursuit of this petition and the claims asserted herein will trigger the No Contest Clause, and, if so, what impact will the clause have on Plaintiffs' rights under the Trust; and
> (c) If Plaintiffs seek removal of the Trustee, will such action trigger the No Contest Clause and, if so, what impact will the clause have on Plaintiffs' rights under the Trust.

76.     Pursuant to RSMo. §456.4-420.2, because this petition for interlocutory determination is joined with other claims for relief, the Court is required to enter its order or judgment on this issue before proceeding any further with any other claim for relief joined herein. In its ruling, the court must consider the text of the clause, the context to the terms of the trust instrument as a whole, and in the context of the verified factual allegations in the petition. No evidence beyond the pleadings and the trust instrument shall be taken except as required to resolve an ambiguity in the no-contest clause.

77.     Pursuant to RSMo. §456.4-420.8, Plaintiffs request an award of their attorneys' fees, costs and expenses incurred in bringing this action as provided in section §456.10-1004.

WHEREFORE, Plaintiffs request that this Court enter its interlocutory order and judgment regarding the applicability and effect of the No Contest Clause contained in the Trust as to Plaintiffs' petition and the claims asserted herein, and for such other and further relief as may be granted under the provisions of §456.4-420, and awarding Plaintiffs their attorneys' fees, costs and expenses incurred herein.

Dated: October 13, 2023

Respectfully submitted,

15

HUSCH BLACKWELL LLP

By: */s/ Michael J. Tolles*
Michael J. Tolles, #61606MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500 Office
(314) 480-1505 Facsimile
mike.tolles@huschblackwell.com

Erica Conklin Baines, #57445MO
120 South Riverside Plaza, Suite 2200
Chicago, IL  60606
(312) 526-1551 Office
(312) 655-1501 Facsimile
erica.baines@huschblackwell.com

*Attorneys for Plaintiffs*

16

STATE OF MISSOURI            )
                             ) ss.
COUNTY OF Crawford           )

## VERIFICATION

COMES NOW, William Jeffries Eilert, first duly sworn and of his oath states that he has read the foregoing Petition for Instruction, and that the information contained therein is true to the best of his knowledge.

By: *[signature]*
Name: William Jeffries Eilert

Subscribed and sworn before this 13th of Oct., 2023.

A N BEASLEY
Notary Public - Notary Seal
State of Missouri
Commissioned for Crawford County
My Commission Expires: August 29, 2025
Commission Number: 21165272

A N Beasley
Notary Public

(SEAL)

My Commission Expires:

17