# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| M.E.E., a minor, and W.J.E., a minor, by and through their parent and next friend WILLIAM JEFFERIES EILERT,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>v.  )<br>)<br>CHRISTINE E. MILES, individually, and as Trustee of the Helen Cecilie Eilert Revocable Living Trust dated, December 15, 1993, as amended,  )<br>)<br>)<br>)<br>)<br>Defendant.  ) | Case No. 4:23-cv-01296-SEP |

## MEMORANDUM AND ORDER

Before the Court are Plaintiffs' Petition for Interlocutory Determination Pursuant to Mo. Rev. Stat. § 456.4-420, Doc. [1] at 13-15, Motion for Temporary Restraining Order, Doc. [3], and Motion for Bond, Doc. [4]. The Court held a hearing on the motions on October 17, 2023. As set forth below, the Petition for Interlocutory Determination is granted; the Motion for a Temporary Restraining Order is granted; and the Motion for Bond is held in abeyance pending supplemental briefing.

### INTERLOCUTORY JUDGMENT

Before reviewing the merits of Plaintiffs' motion for a temporary restraining order, the Court must address Plaintiffs' request for an interlocutory judgment. In Count V of Plaintiffs' Complaint, Plaintiffs request an "interlocutory order and judgment regarding the applicability and effect of the No Contest Clause contained in the Trust as to Plaintiffs' petition and the claims asserted herein." Doc. [1] at 15. Plaintiffs bring the request under the Missouri Uniform Trust Code's "safe-harbor" provision. Mo. Rev. Stat. § 456.4-420. The safe-harbor provision allows an interested person to request an "interlocutory determination whether a particular motion, petition, or other claim for relief by the interested person would trigger application of the no-contest clause" and forfeit that person's benefits under a trust. *Id.* § 456.4-420.1. "In ruling on such a petition, the court shall consider the text of the clause, the context to the terms of the trust instrument as a whole, and in the context of the verified factual allegations in the petition." *Id.*

§ 456.4-420.2.  The Court cannot consider "evidence beyond the pleadings and the trust instrument . . . except as required to resolve an ambiguity in the no-contest clause." *Id.*

The Helen Cecilie Eilert Revocable Living Trust contains a no-contest that states:

> If any person who has been given an interest in a trust estate under this Trust Agreement institutes or joins in (except as a party defendant) **any proceeding to contest the validity of this Trust Agreement or any of its provisions**, all benefits provided for that person shall be revoked and those benefits shall pass as though the person did not survive the Grantor.  This provision shall apply regardless of whether the proceedings are instituted in good faith or with probable cause.

Doc. [1-1] at 34 (emphasis added).  The question before the Court is whether this lawsuit is a "proceeding to contest the validity of [the] Trust Agreement or any of its provisions." *Id.*; *see also Knopik v. Shelby Invs., LLC*, 597 S.W.3d 189, 193 (Mo. 2020) ("Courts cannot ignore the plain language of a no-contest clause.").  It is not.

In Counts I and II, Plaintiffs seek to use the removal provisions of the Missouri Uniform Trust Code, Mo. Rev. Stat. § 456.7-706, to remove Defendant as Trustee.  If Plaintiffs prevail on Counts I and II, it will not render any provision of the trust invalid.  Counts III and VI do not challenge the validity of any provision of the Trust either.  Count III seeks a declaratory judgment that certain actions that the Defendant has taken or plans to take violate the terms of the Trust or Defendant's fiduciary duties as imposed by the Trust or Missouri law.  To resolve that claim the Court will have to construe the terms of the Trust and consider whether Defendant's actions are consistent with those terms.  But a declaratory judgment in Plaintiffs' favor would not imply the invalidity of any of the terms of the Trust.  And the safe-harbor provision of the Missouri Uniform Trust Code exempts Count IV from triggering the no-contest clause.  *See* Mo. Rev. Stat. § 456.4-420.7(2) ("A no-contest clause is not enforceable against an interested person . . . [f]iling a motion, petition, or other claim for relief concerning an accounting, report, or notice that has or should have been made by a trustee.").

As Counts I through IV of the Complaint do not seek to "contest the validity of [the] Trust Agreement or any of its provisions," they do not trigger the Trust's no-contest clause.

## LEGAL STANDARD

When considering whether to issue injunctive relief, the Court evaluates:  (1) the threat of irreparable harm to the movant; (2) the balance of that harm against the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits;

2

and (4) the public interest. *See Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981) (en banc). "While 'no single factor is determinative,' the probability of success factor is the most significant." *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quoting *Dataphase*, 640 F.2d at 113) (internal citation omitted).

## DISCUSSION

### I.     Plaintiffs demonstrated a likelihood of success on the merits of Count I.

When seeking to enjoin private action, a movant must establish that he has a "fair chance of prevailing." *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008). Plaintiffs have met that burden for Count I, the claim for removal under Mo. Rev. Stat. § 456.7-706.2(4). Missouri law allows a court to remove and replace a trustee, regardless of fault, when "removal is requested by all of the qualified beneficiaries" and (1) removal "best serves the interests of all of the beneficiaries," (2) removal "is not inconsistent with a material purpose of the trust," and (3) "a suitable cotrustee or successor trustee is available and willing to serve." Mo. Rev. Stat. § 456.7-706.2(4). Plaintiffs provided evidence and argument that demonstrate a fair chance of prevailing on each of these elements. Plaintiffs argue that removing Defendant as Trustee best serves the interests of Plaintiffs because she has made decisions that have not been in the Trust's financial interest, up to and including the intended sale of Eilbrunn Farm. Doc. [3-1] ¶¶ 35-36. They argue that removing Defendant as trustee is not inconsistent with a material purpose of the Trust, because of the material purpose of the Trust is to provide for the Beneficiaries. *Id.* at 5. And Plaintiffs argued that William Eilert is willing and available to serve as a successor trustee. *Id.*

Plaintiffs have "raised questions so serious and difficult as to call for more deliberate investigation" into to Count I. *Rounds*, 530 F.3d at 731 (quoting *Dataphase*, 640 F.2d at 113). Thus, they have satisfied the first element of the standard for injunctive relief.

### II.    Plaintiffs face a threat of irreparable harm.

Plaintiffs argue that they would suffer irreparable harm if the scheduled sale of the property is completed: "[T]he sale will divest Plaintiffs of all their interest in an estate which has been in their family for generations, which cannot be replaced by money or otherwise." Doc. [3-1] at 7. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). It is well established that "real

property is unique, and monetary relief is inadequate compensation for the loss of property." *NTD I, LLC v. Alliant Asset Mgmt. Co.*, 337 F. Supp. 3d 877, 889 (E.D. Mo. 2018) (citing *O'Hagan v. United States*, 86 F.3d 776, 783 (8th Cir. 1996)); *see also Barfield v. Sho-Me Power Elec. Coop.*, 2012 WL 2368517, at *10 (W.D. Mo. June 21, 2012); *Barkho v. Ready*, 523 S.W.3d 37, 44-45 (Mo. Ct. App. 2017).

The bare allegation that property is unique is not enough to show that a plaintiff does not have an adequate remedy at law. *See, e.g., Gardner v. Bank of Am.*, 466 S.W.3d 642, 647 (Mo. Ct. App. 2015). But Eilbrunn Farm is a distinctive property that has been in Plaintiffs' family for generations. Doc. [3-1] at 7. Plaintiffs have no adequate remedy at law for the loss of such a property. Thus, they have shown that they face irreparable harm if the sale is not enjoined.

### III.  The balance of harms favors Plaintiffs.

The balance of harms that would occur if the Court enjoined Defendant from selling the property favors Plaintiffs. As discussed above, Plaintiffs would suffer irreparable harm by the loss of a unique family estate. In her brief, Defendant argues only that Plaintiffs "will suffer no harm by the sale of the Trust property, but will receive a substantial benefit." Doc. [11] at 4. At the hearing, Defendant argued that the harm suffered by delay of the sale would be the possible loss of a willing buyer and the chance that the property may not sell for the same price in the future. Both of those prospective losses are speculative, especially when compared to the certain loss of the property in the absence of a TRO. Both are compensable, not irreparable. And if the TRO causes the Trust financial harm, the parties injured-in-fact will be *Plaintiffs*, as the Trust's Beneficiaries. Thus, the Court agrees with Plaintiffs that the balance of harms favors a temporary restraining order.

### IV.  Considerations of public interest favor neither party.

Neither party addressed the public interest factor in its briefing, and the Court is unaware of any public interest at stake that would outweigh the other factors.

### V.  Plaintiffs' Motion for Bond is held in abeyance.

Under Federal Rule of Civil Procedure 65(c):

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

4

As noted above, if Defendant, as Trustee, is wrongfully enjoined from selling the farm, any resulting financial harm will ultimately be suffered by Plaintiffs, as the Beneficiaries of the Trust.  At oral argument, Defendant requested that Plaintiffs post a bond sufficient to cover the operating costs of Eilbrunn Farm for a year, but she pointed to no legal authority for awarding a bond on that basis; nor did Plaintiffs provide any support for valuing the bond as they proposed. On questioning from the Court, Defense Counsel could not identify any damages that Defendant herself might suffer because of the injunction, and neither party could provide the Court with any insight into how courts assess the need for, or proper amount of, a bond in a case such as this, where Beneficiaries of a Trust seek to enjoin an action of the Trustee.  Without more, the Court cannot find that a bond of any particular amount is needed "to pay the costs and damages sustained by" Defendant.  *Id.*  Thus, the parties will submit supplemental briefing on the need for, and proper amount of, a bond in this matter not later than Friday, October 20, 2023.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the no-contest clause contained in Article VIII, Section I of the Helen Cecilie Eilert Revocable Living Trust dated December 15, 1993, as amended, is not triggered by the issues and claims raised in Counts I through IV of the Complaint.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order, Doc. [3], is **GRANTED** for fourteen days, until November 1, 2023.

**IT IS FURTHER ORDERED** that the parties will meet and confer and provide the Court with a proposed schedule for limited discovery, if necessary, and briefing of a motion for a preliminary injunction no later than Friday, October 20, 2023.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Bond, Doc. [4], is held in abeyance pending supplemental briefing by the parties.  The parties will provide supplemental briefs no longer than five (5) pages by Friday, October 20, 2023.

Dated this 17th day of October, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE